UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal No. 6:18-cr-00029-GFVT-HAI-1 |
| v. | ) ) ) | **ORDER** |
| DANNY RAY VANOVER, | ) ) | |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 97.] Defendant Danny Vanover has been charged with two violations of his supervised release. In February 2019, Mr. Vanover was sentenced to forty-two months of imprisonment, to be followed by three years of supervised release, after pleading guilty to conspiring to distribute oxycodone and oxymorphone in violation of 21 U.S.C. § 846. [R. 67.] In September 2020, Mr. Vanover was granted compassionate release, had his sentence reduced to time served, and began his term of supervision. [R. 77.]

Mr. Vanover is now charged with committing two violations of the conditions of his supervised release. First, Mr. Vanover is charged with a Grade C violation for communicating or interacting with someone who he knew to be engaged in criminal activity and for communicating with a felon without getting permission from his probation officer. [R. 97 at 3.] Second, he is charged with a Grade C violation for failing to truthfully answer questions asked to him by his probation officer. *Id.* On August 15, 2022, Mr. Vanover appeared by summons before Judge Ingram for his initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 93.] The Government did not move for interim detention, and Mr. Vanover was

released on his existing conditions. *Id.* On August 25, Mr. Vanover appeared before Judge Ingram for his final hearing. [R. 96.] There, he entered a "knowing, voluntary, and intelligent stipulation to both violations." [R. 97 at 3; R. 96.]

At the final hearing, both parties agreed that a within-Guidelines sentence is appropriate in this matter. The Government argued that, though "[t]he seriousness of the breach of the Court's trust did not warrant a downward departure[,] […] the conduct was not so serious or dangerous as to call for a harsher sentence." [R. 97 at 5.] The defense argued that a "bottom-Guidelines sentence was warranted because there was no criminal conduct involved and no drug use." *Id.* The defense made clear, however, that no request for downward departure was being sought "because the breach of trust was too significant." *Id.* After hearing both arguments, Judge Ingram evaluated the entire record and considered the Section 3553 factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Ingram recommended a sentence of five months of imprisonment, to be followed by a term of supervised release to terminate on January 12, 2024, on the conditions previously imposed by the undersigned. *Id.* at 8.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Mr. Vanover has not filed any objections to Judge Ingram's Report and Recommendation and filed a waiver of allocution on August 31, 2022. [R. 98.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140,

151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 97] as to Defendant Danny Vanover is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Vanover is found **GUILTY** of Violations #1 and #2;

3. Mr. Vanover's term of supervised release is **REVOKED** and he is **SENTENCED** to a term of incarceration of five months, to be followed by a term of supervised release to terminate on January 12, 2024, with the same conditions previously imposed;

4. Mr. Vanover **SHALL** self-surrender to his assigned facility on Tuesday, November 8, 2022 at 1:30 p.m;

5. Judgment shall enter promptly.

This the 12th day of September, 2022.

Gregory F. Van Tatenhove
United States District Judge

3